|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Miguel Mansanares,  )  No. CIV 04-1952-PHX-MHM
                    )
   Petitioner,      )  **ORDER**
                    )
vs.                 )
                    )
Charles Flanigan, et al.,  )
                    )
   Respondents.     )
                    )

Petitioner Miguel Mansanares ("Petitioner") filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. This matter was referred to Magistrate Judge Jennifer C. Guerin who, on March 8, 2007, issued a Report and Recommendation that recommends that the Court dismiss the Petition on the grounds that it is time barred. (Dkt.#58). On March 23, 2007, Petitioner filed a "Motion for Extension of Time to File Objections to Report and Recommendation[]" (Dkt.#59). The Motion, which this Court will construe as Petitioner's objections to the Report and Recommendation, consists of seventeen pages of argument by Petitioner supporting the application of the doctrine of equitable tolling so as to make the Petition timely. The Respondents have not filed any opposition to the Report and Recommendation.

## STANDARD OF REVIEW

The district court must review the Magistrate Judge's findings and recommendations de novo if objection is made but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc). See 28 U.S.C. § 636(b)(1)(C)("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

## DISCUSSION

The Court has considered the pleadings and documents of record in this case and finds itself in agreement with the Magistrate Judge that the Petition should be dismissed as it is untimely pursuant to the one year statute of limitations period implemented by 28 U.S.C. § 2244(d)(1). Specifically, as noted in the Report and Recommendation, Petitioner's conviction became final on April 9, 2002, and the applicable limitations period began to run on December 17, 2002, when the Arizona trial court dismissed Petitioner's Rule 32 Ariz.R.Crim.P. petition. Because Petitioner's subsequent petitions in state court were untimely they did not toll the applicable period; thus making the last day of the limitations period December 17, 2003. The instant Petition was not filed until September 18, 2004; well after the applicable one-year limitations period.

In Petitioner's seventeen pages of objection he does not object to the Magistrate Judge's findings with respect to when his conviction became final or when the applicable limitations period began to run or generally expired. Rather, Petitioner only objects to the Magistrate Judge's determination that the doctrine of equitable tolling does not apply to excuse Petitioner's untimeliness. (Dkt.#59). Notably, prior to the Magistrate Judge's Report and Recommendation, the Petitioner did not argue that he was unable to timely file the instant Petition because of any extraordinary circumstances out of his control. See Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002), *cert denied*, 527 U.S. 1003 (2002) (stating that equitable

1  tolling is "unavailable in most circumstances" and appropriate only "if extraordinary
2  circumstances beyond a prisoner's control make it impossible to file a petition on time")
3  (citations omitted). In addition, and more importantly, the vast majority of Petitioner's
4  objection supporting the application of equitable tolling is based upon Petitioner's conclusory
5  allegations of a wide ranging conspiracy between state officials and actors. For instance,
6  Petitioner states that "[t]he on going harassment appear[s] to be based upon on going (sic) and
7  continuing racial discrimination conspiracy allegedly initiated by state actors March 2000,
8  allegedly moving in bad faith under color of law to obstruct rights to due process, deny rights
9  to liberty, cause loss of property, and drain financial resources by denying civil rights based
10 upon extreme prejudice for Hispanic race." (Dkt.#59, p.2). Petitioner repeats such allegations
11 of a conspiracy multiple times throughout the course of his objection to the Report and
12 Recommendation and further alleges that such conspiracy caused his Petition before this
13 Court to be untimely based upon the "obstruct[ion] [of Petitioner's] access to legal mail." (Id.
14 p. 12). Petitioner alleges that the conspiracy encompassed such acts as deliberately mailing
15 court documents to different inmates, falsifying court documents and other actions that
16 impeded his ability to timely act. However, the Court finds that these allegations, without
17 more, provide no basis to suggest that equitable tolling is available to toll the applicable
18 limitations period. This doctrine only applies in "exceptional circumstances" and Petitioner
19 fails to persuasively argue that this case falls within that limited scope. <u>Miranda</u>, *supra*. As
20 such, the Court will overrule Petitioner's objection.[1]

21     **Accordingly,**

---

[1] Several times in Petitioner's objection, he states that an extension of time is needed to look up certain cases to demonstrate where an alleged violation or fraud occurred to support his claim of a conspiracy against him. However, to the extent Petitioner requests additional time to further supplement his seventeen page objection to the Report and Recommendation, the Court will deny any such request. Notably, the Petition in this case was filed on September 18, 2004. As such, Petitioner has had more than ample to time to support his arguments with any evidence.

1  **IT IS HEREBY ORDERED** adopting in full the Report and Recommendation of the
2  Magistrate Judge. (Dkt.#58).

3  **IT IS FURTHER ORDERED** overruling Petitioner's objection to the Report and
4  Recommendation. (Dkt.#59).

5  **IT IS FURTHER ORDERED** dismissing the Petition as untimely. (Dkt.#1).

6  **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment
7  accordingly.

8  DATED this 29th day of August, 2007.

_____
Mary H. Murguia
United States District Judge